**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 22, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

PATRICK LEE PRICE,

Defendant-Appellant.

No. 11-3220
(D.C. No. 2:10-CR-20134-JAR-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HARTZ**, and **O'BRIEN**, Circuit Judges.

After accepting a plea agreement that included a waiver of his right to appeal, Patrick Lee Price pleaded guilty to possession of more than fifty grams of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(viii) and 18 U.S.C. § 2, and to possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c) and 2.

---

[*]     This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

He was sentenced to a total of 300 months in prison (the statutory minimums of 240 months and 60 months, to be served consecutively, as required by statute). Notwithstanding the appeal waiver, he appealed. The government now has moved to enforce the waiver. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

In evaluating a motion to enforce a waiver, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. Mr. Price's counsel has filed a response stating that he cannot identify any non-frivolous argument regarding these factors. We gave Mr. Price the opportunity to file a pro se response, but his deadline has passed and as of today's date, we have not received anything from him.

Our independent review confirms that the proposed issue for appeal (identified in Mr. Price's docketing statement as an Eighth Amendment challenge to the twenty-five-year sentence) falls within the scope of the waiver. The plea agreement clearly sets forth the waiver and states that it was knowing and voluntary, and the district court discussed the waiver and voluntariness at the plea hearing. There is no contradictory evidence indicating that Mr. Price did not knowingly and voluntarily accept the waiver. Finally, there is no indication that

enforcing the waiver would result in a miscarriage of justice as that term is defined in *Hahn*, 359 F.3d at 1327.

The motion to enforce is GRANTED and this matter is DISMISSED.


ENTERED FOR THE COURT
PER CURIAM